**BUCHALTER**
J. Rick Taché (CA Bar No. 195100)
(rtache@buchalter.com)
Deborah S. Mallgrave (CA Bar No. 198603)
(dmallgrave@buchalter.com)
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

Attorneys for Plaintiff
Wave Neuroscience, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAVE NEUROSCIENCE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PEAKLOGIC, INC., a Delaware corporation; and KEVIN T. MURPHY, M.D., a Professional Corporation, doing business as MINDSET <br><br> Defendants. | U.S.D.C Northern District of California Case No. <br><br> U.S.D.C. Southern District of California Case No. 3:21-cv-01330-CAB-SBC <br><br> **PLAINTIFF WAVE NEUROSCIENCE, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH OUT OF DISTRICT SUBPOENA TO THIRD PARTY KARMA TMS, P.C.** <br><br> Hearing: |

/ / /

/ / /

/ / /

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

Plaintiff Wave Neuroscience, Inc. ("Wave"), by and through its undersigned counsel, at the Courts earliest availability, will and hereby does move this Court for an entry of an order compelling Karma TMS, P.C. ("Karma") to produce documents in response to a non-party subpoena duces tecum pursuant to Rule 45 of the Federal Rules of Civil Procedure. As indicated in the caption, the case in which the subpoena was issued is proceeding in the United States District Court for the Southern District of California (Case No. 3:21-cv-01330-CAB-SBC) before the Honorable Cathy Ann Bencivengo. Because I.E. TMS is located in this District, the motion to compel is properly heard here, the situs of production. *See* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken); *see also* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.").

This Motion is based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, and the concurrently filed Separate Statement of Disputed Discovery, Declaration of Deborah S. Mallgrave, Request for Judicial Notice, and Proposed Order, and such other and further argument as may be presented to the Court at the time of the hearing on this Motion.

DATED:  July 12, 2024

BUCHALTER
A Professional Corporation

By:   */s/ Deborah S. Mallgrave*
J. Rick Taché
Deborah S. Mallgrave
Attorneys for Plaintiff
Wave Neuroscience, Inc.

BUCHALTER
A Professional Corporation
Irvine

BN 83597602v1

2

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES..........................................5

I.      INTRODUCTION ...............................................................................5

II.     ARGUMENT......................................................................................8

        A.      Legal Standard ........................................................................8

        B.      The Subject Subpoena and Karma's Response to Date .............9

        C.      Karma's Objections Lack Merit and Do Not Justify Its
                Failure to Produce Responsive Documents .............................14

                1.      The Information Sought is Not Available from
                        the Parties in the Underlying Action .............................15

                2.      The Time Period Covered by the Requests is Not
                        Overly Broad .................................................................16

                3.      The Documents Requested Are Relevant to the
                        Underlying Litigation.....................................................16

                4.      The Requested Documents May Not Wholly
                        Exist in the Public Domain ............................................17

                5.      The Document Requests Do Not Seek Private
                        Medical Information .......................................................17

                6.      The Southern District of California Did Not
                        Limit Wave's Document Requests...................................19

                7.      The Pending Motion for Summary Judgment is
                        Not a Proper Basis to Withhold A Production of
                        Documents.....................................................................19

III.    CONCLUSION ...............................................................................22

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1

3

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Camacho v. United States*,
  2014 WL 12026059 (SD Cal. Aug. 15, 2014) ...........................................20, 21

*Hickman v. Taylor*,
  329 U.S. 495 (1947)..................................................................................9

*Lo v. Fed. Nat. Mortg. Ass'n*,
  No. 2:12-CV-01411-GMN, 2013 WL 2558614 (D. Nev. June 10,
  2013) .......................................................................................................10

*Moon v. SCP Pool Corp.*,
  232 F.R.D. 633 (C.D. Cal. 2005) ............................................................15

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978)..................................................................................9

*Sol v. Whiting*,
  No. CV-10-01061-PHX-SRB, 2014 WL 12519787 (D. Ariz. Sept.
  9, 2014)....................................................................................................10

**Federal Statutes**

35 U.S.C. § 286 ...................................................................................................17

**Federal Regulations**

45 C.F.R. 164.512(e) ...........................................................................................19

**Federal Rules**

Fed. R. Civ. P. 26(b)(1).........................................................................................9

Fed. R. Civ. P. 37(a)(2).......................................................................................10

Fed. R. Civ. P. 45(d)(2)(B) ...........................................................................10, 15

Fed. R. Civ. P. 45(e)(2).................................................................................10, 11

Fed. R. Civ. P. 26.................................................................................................9

Fed. R. Civ. P. 45............................................................................................9, 15

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1

4

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Karma has refused to comply with a properly served subpoena, asserting numerous objections that lack merit and fail to justify its refusal to produce *any* relevant documents. Through meet and confer efforts, Wave has offered to narrow the scope of the documents and requested specifics on Karma's burden claims, but to no avail. Notably, of the 20 narrowly tailored categories of documents sought by the subpoena, Karma objects to the relevance of only 3 (and even those categories seek documents that are clearly relevant). Wave is thus forced to seek this Court's intervention to compel Karma's compliance and the production of documents unquestionably relevant to the underling action.

Wave is a leader in developing non-invasive technology targeted to addressing neurological disorders and enhancing cognitive brain function through Transcranial Magnetic Stimulation ("TMS"). Wave has an extensive patent portfolio directed to analyzing a patient's electroencephalogram ("EEG") results to derive insight into brain health that is then used to create an actionable cognitive treatment report.

Wave brought the underlying action for infringement of three of its patents by defendants PeakLogic, Inc. ("PeakLogic") and Kevin T. Murphy, M.D., a Professional Corporation ("KTM") (collectively, "Defendants"): U.S. Patent Nos. 8,475,354, 8,480,554, and 9,446,259 ("Asserted Patents"). (Declaration of Deborah S. Mallgrave ("Mallgrave Dec."), Ex. A (Second Amended Complaint); Request for Judicial Notice ("RFJN"), Ex. 1.) The Asserted Patents are directed to methods, systems, and/or devices that gently tune the brain using a magnetic field to influence, among possible options, an intrinsic frequency of a specified EEG band of the subject toward a pre-selected intrinsic frequency of the specified EEG band, for treatment of a number of mental disorders (for example, depression and PTSD). *Id.*

Kevin Murphy, M.D. founded PeakLogic, Inc., a medical software company, as well as his self-titled corporation, KTM, which operates as a separate treatment

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1                                    5

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

center (for a time, operating as MindSet). PeakLogic (through Dr. Murphy) claims to have invented and developed software for a personalized approach to TMS treatment by tailoring it to the patient's unique brain mapping, referred to as PrTMS, and now licenses that technology and system to KTM and other licensees. KTM also provides doctor-to-doctor medical consulting services to PeakLogic's other licensees and physicians who would like to use PrTMS. Karma is one such licensee of PeakLogic's products and services.

As alleged in Wave's complaint, Defendants' products and services use the same methodology claimed by the Asserted Patents. Defendants not only use and sell infringing products and services, but intentionally promote, aid, and instruct others, including PeakLogic's licensees (like Karma), to purchase and use the allegedly infringing products and services, thereby inducing and contributing to infringement by others. Wave thus sued Defendants for both direct and indirect infringement.

For their part, Defendants filed counterclaims against Wave, alleging among others, claims for defamation, tortious interference with contract, tortious interference with prospective economic advantage, and negligent interference with prospective economic advantage (collectively, the "Tort Claims"). (Mallgrave Dec., ¶ 4, Ex. B (Defendants' Answer, Affirmative Defenses, and Counterclaims I-XII to Plaintiff's Second Amended Complaint) at ¶¶ 23–27 and 76-101; RFJN, Ex. 2.) Defendants' Tort Claims are each premised on the same allegations that Wave made defamatory statements to PeakLogic's licensees that Defendants infringed Wave's patents. *Id.* at ¶¶ 23-27. As damages, Defendants claim the alleged defamatory statements have forced them to lose over $9,000,000 from discounted license fees, the loss of existing and potential licensees, and the loss of certain investment funds. (Mallgrave Dec. at ¶ 5, Ex. C.)

As part of its discovery, Wave propounded written discovery to Defendants to ascertain facts and information relating to infringement and the Tort Claims. *Id.* at ¶ 6. Through multiple sets of discovery and discovery disputes, however, Defendants

BUCHALTER
A Professional Corporation
Irvine

BN 83597602v1

6

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

maintain that they do not have certain information relating to Wave's claims for induced or contributory infringement, namely, information relating to the licensees' use or implementation of Defendants' treatment protocols. Defendants also maintain that they do not have any documents evidencing the alleged defamatory statements for their Tort Claims, and that any such documents would be in the possession of third parties. *Id.* at ¶¶ 6-7. As a result, Wave issued subpoenas to PeakLogic's licensees, including Karma, to obtain necessary information relating to receipt and implementation of treatment plans from Defendants and documents relating to Defendants' Tort Claims. *Id.* at ¶ 8, Ex. D.

The categories of documents Wave seeks from Karma include communications and documents concerning Wave, the underlying action, the Tort Claims, and the Asserted Patents; agreements with Defendants; training materials from Defendants; advertising materials; the TMS treatment plans and related documents for 5 patients; and certain statistical or summary records relating to use of Defendants' products and services. *Id.* The document requests in the subpoena are narrowly tailored to obtain only relevant information, and specifically exclude specific patient information. To the extent responsive documents contain any confidential information, Karma can designate the information as confidential pursuant to the operative protective order in the underlying case, which was provided to its counsel. *Id.* at ¶ 14; RJN Ex. 3.

Despite meet and confer efforts, Karma stands on its objections that (1) some of the requested documents are obtainable from Defendants, (2) the time period for some requests is overly broad, (3) information relating to the Tort Claims is not relevant, (4) the request for marketing materials seeks publicly available information, (5) certain requests seeks private medical information, (6) the subpoena attempts to evade a court order limiting discovery, and (7) discovery is improper while a summary judgment motion is pending. *Id.* at ¶¶ 13 and 18, Exs. F and J.

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1

7

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

1      As explained in more detail below, Karma's objections lack merit. Wave

2   respectfully requests this Court compel Karma to comply with the properly served

3   subpoena and produce responsive documents by August 9, 2024.

4   **II.   ARGUMENT**

5      **A.   Legal Standard**

6      The purpose of discovery as allowed by the Federal Rules of Civil Procedure

7   is to provide the parties with a panoply of devices that serve "to narrow and clarify

8   the basic issues between the parties" and to "ascertain[ ] the facts, or information as

9   to the existence or whereabouts of facts, relative to those issues." *Hickman v. Taylor*,

10  329 U.S. 495, 501 (1947).

11      Under Rule 26 of the Federal Rules of Civil Procedure, a party may obtain

12  discovery concerning any nonprivileged matter that is relevant to any party's claim

13  or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

14  Relevancy for purposes of discovery is defined "broadly to encompass any matter

15  that bears on, or that reasonably could lead to other matter that could bear on" any

16  issue in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). For

17  discovery purposes, relevance means only that the materials sought are reasonably

18  calculated to lead to the discovery of admissible evidence. *Id.* "If a subpoena falls

19  outside the scope of permissible discovery, the Court has authority to quash or modify

20  it upon a timely motion by the party served ..." *Olde Towne Dev. Group*, LLC, 2009

21  WL 2021723, *1 (M.D.La. July 9, 2009). Relevant information need not be

22  admissible to be discoverable. FED. R. CIV. P. 26(b)(1).

23      Rule 45 of the Federal Rules of Civil Procedure governs subpoenas duces

24  tecum for the production of documents from non-parties with or without the taking

25  of a deposition. Rule 45 serves "to facilitate access outside the deposition procedure

26  provided by Rule 30 to documents and other information in the possession of persons

27  who are not parties ..." Fed. R. Civ. P. 45, Advisory Committee Notes to 1991

28  Amendment. "The non-party witness is subject to the same scope of discovery under

Buchalter
A Professional Corporation
Irvine

BN 83597602v1                                        8
NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." *Id.*

The recipient of a subpoena is required to exercise due diligence to make a reasonable inquiry for responsive records. *Sol v. Whiting*, No. CV-10-01061-PHX-SRB, 2014 WL 12519787, at *3 (D. Ariz. Sept. 9, 2014) (citing *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012)). "If no responsive documents exist, 'the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'" *Id.* (citing *Marti v. Baires*, No. 1:08-CV-00653-AWI, 2012 WL 2029720, at *19 (E.D. Cal. June 5, 2012)). When a non-party objects to a subpoena as being unduly burdensome, the non-party "has the burden of establishing that claim by showing 'the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena.'" *Lo v. Fed. Nat. Mortg. Ass'n*, No. 2:12-CV-01411-GMN, 2013 WL 2558614, at *4 (D. Nev. June 10, 2013) (citing *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966); 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2463.1 (3d ed. 2013)).

When timely objections are served, the party that served the subpoena may move for an order compelling production or inspections. Fed. R. Civ. P. 45(d)(2)(B). "A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). In addition, a non-party withholding subpoenaed information based on privilege must: (1) expressly make the claim of privilege; and (2) "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2).

**B.    The Subject Subpoena and Karma's Response to Date**

Wave served Karma with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"). (Mallgrave Dec. at ¶¶ 11 - 12, Exs. D and E.) The Subpoena commands the

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1

9

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

production of documents responsive to twenty (20) separate, narrow, and specific requests from a time period relevant for the litigation. *Id.* Karma, through its counsel's April 24, 2024 letter, delivered cursory written objections to the subpoena issued by Wave and expressed concern about the potential burden caused by the scope of the requests. *Id.* at ¶ 13, Ex. F. The parties met and conferred, and through that process, Wave significantly narrowed or offered to narrow the scope of documents requested for the category it perceived Karma expressed would cause the largest expenditure of time and money. *Id.* at ¶¶ 14, 15, and 17, Exs. G, H, and I.

The document requests described in the subpoena and Karma's objections follow:

| Subpoena Request | Karma's Objections[1] |
|---|---|
| RFP 1: All Communications from January 1, 2019 to the present with PeakLogic, Kevin T. Murphy, M.D., or MindSet comprising, discussing, relating to, or regarding Wave, Fred Walke, this Action, or the Asserted Patents. | - Seeks material that should be available to or in the possession of Wave or Defendants<br>- Unreasonably long period of time covered. |
| RFP 2: All notes, emails, memoranda or other Documents discussing, referencing, or memorializing any Communications from January 1, 2019 to the present with PeakLogic, Kevin T. Murphy, M.D., or MindSet comprising, discussing, relating to, or regarding Wave, Fred Walke, this Action, or the Asserted Patents. | - Unreasonably long period of time covered;<br>- Seeks internal business, logistics, or similar information having no bearing on the underlying action. |
| RFP 3: All Communications from January 1, 2019 to the present with Wave, or anyone purporting to act on its behalf, in which Wave (or the person purporting to act on its behalf) made statements to You that (i) if You worked with Defendants, You will get sued; (ii) that Defendants stole technology from Plaintiff, (iii) that Plaintiff is suing Defendants, (iv) that Defendants are going out of business, (v) disparaged Defendants, or (vi) convinced You not to do business with Defendants. | -Seeks material that should be available to or in the possession of Wave or Defendants<br>-Unreasonably long period of time covered. |
| RFP 4: All notes, emails, memoranda or other | - Unreasonably long period of |

---

[1] Karma's objections to the Document Requests are derived from its counsel's letter dated April 24, 2024. (Mallgrave Dec. at ¶ 13, Ex. F.)

| Subpoena Request | Karma's Objections[1] |
|---|---|
| Documents discussing, referencing, or memorializing any Communications from January 1, 2019 to the present with Wave, or anyone purporting to act on its behalf, in which Wave (or the person purporting to act on its behalf) made statements to You that (i) if You worked with Defendants, You will get sued; (ii) that Defendants stole technology from Plaintiff, (iii) that Plaintiff is suing Defendants, (iv) that Defendants are going out of business, (v) disparaged Defendants, or (vi) convinced You not to do business with Defendants. | time covered;<br>- Seeks internal business, logistics, or similar information having no bearing on the underlying action. |
| RFP 5: All agreements or drafts of agreements between You, on the one hand, and PeakLogic, Kevin T. Murphy, M.D., or MindSet, on the other hand, from January 1, 2019 to the present, relating to TMS therapy, this Action, or investment in PeakLogic, MindSet, Kevin T. Murphy, M.D, a professional corporation, or with Kevin T. Murphy, M.D. | - Seeks material that should be available to or in the possession of Wave or Defendants;<br>- Unreasonably long period of time covered. |
| RFP 6: All Communications from January 1, 2019 to the present with PeakLogic, Kevin T. Murphy, M.D., MindSet, or others, comprising, discussing, relating to, or regarding any agreements, potential agreements, or negotiations with PeakLogic, Kevin T. Murphy, M.D., or MindSet relating to TMS therapy, this Action, or investment in PeakLogic, MindSet, or with Kevin T. Murphy, M.D. | - Seeks material that should be available to or in the possession of Wave or Defendants;<br>- Unreasonably long period of time covered. |
| RFP 7: All Communications from January 1, 2019 to the present with PeakLogic, Kevin T. Murphy, M.D., MindSet, or others, constituting, discussing or relating to any request to (i) modify any agreements You had with Defendants, (ii) reduce or discount the amount Defendants charged You for any services, or (iii) reduce or discount any amounts You allegedly owed Defendants. | - Seeks material that should be available to or in the possession of Wave or Defendants;<br>- Unreasonably long period of time covered. |
| RFP 8: All notes, emails, memoranda or other Documents or Communications discussing, referencing, or memorializing the purpose or reason You sought to (i) modify any agreements You had with Defendants, (ii) reduce or discount the amount Defendants charged You for any services, or (iii) reduce or discount any amounts You allegedly owed Defendants. | - Seeks internal business, logistics, or similar information having no bearing on the underlying action. |

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

| Subpoena Request | Karma's Objections[1] |
|---|---|
| RFP 9: All training materials, manuals, presentations, memoranda, or other Documents from Defendants that provide general instructions on the Accused Service(s), how to input treatment protocols into TMS devices, or how to otherwise administer TMS treatment protocols. | - Seeks material that should be available to or in the possession of Wave or Defendants |
| RFP 10: Documents sufficient to show the number of TMS devices located at Your premises each year, from January 1, 2018, to the present. | -Unreasonably long period of time covered;<br>- Seeks documents containing private medical information that is protected from disclosure or would require a laborious, expensive, and time intensive procedure to review and redact. |
| RFP 11: Documents sufficient to show the number of treatments performed per TMS device per month from August 9, 2018 to the present. | -Unreasonably long period of time covered;<br>- Seeks documents containing private medical information that is protected from disclosure or would require a laborious, expensive, and time intensive procedure to review and redact. |
| RFP 12: Documents sufficient to identify the standard forms received from Defendants, from August 9, 2018 to the present, for use in testing or treating patients. | - Seeks material that should be available to or in the possession of Wave or Defendants<br>- Unreasonably long period of time covered. |
| RFP 13: All Documents comprising or relating to the testing methodology received from Defendants for use pre-treatment, during treatment, and post-treatment in connection with TMS treatment or therapy. | - Seeks material that should be available to or in the possession of Wave or Defendants |
| RFP 14: All Documents comprising or relating to specifications of TMS devices in used in Your facility, including but not limited to all user guides and operation manuals for such devices. | - Seeks material that should be available to or in the possession of Wave or Defendants;<br>- Seeks documents containing private medical information that is protected from disclosure or would require a laborious, expensive, and time intensive procedure to review and redact. |

**BUCHALTER**
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1

12

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

| Subpoena Request | Karma's Objections[1] |
|---|---|
| **RFP 15:** All Documents comprising or relating to all payments made by You to PeakLogic, Kevin T. Murphy, M.D., or MindSet from August 9, 2018 to the present. | - Seeks material that should be available to or in the possession of Wave or Defendants;<br>- Unreasonably long period of time covered. |
| **RFP 16:** All advertising and marketing materials used by You to promote treatments using TMS devices. | - Seeks documents in the public domain |
| **RFP 17:** Documents sufficient to identify all treatment plans or treatment protocols You received from Defendants as related to TMS therapy for 50 different patients (meaning, for each patient, all treatment plans or treatment protocols applicable to that patient), the testing and other information You provided Defendants or otherwise uploaded to the PeakLogic platform in order to receive the treatment plans or protocols for those 50 patients, including EEG recordings and patient questionnaires, data sufficient to identify all treatment protocols or parameters programmed into a TMS device for the treatment of those 50 patients, including the stimulation history for each of those patients, any treatment reports available or generated for those 50 patients, and any notes concerning the implementation or modification of the treatment plans or protocols from Defendants. The information sought includes all information to identify all parameters of the Accused Services used in providing treatment to the patient based on an EEG, including the location, number of pulses, duration, and frequency of the TMS or PrTMS therapy and, if more than one frequency is applied, all frequencies that were applied and in what order. This information can be provided in a report or summary form, and this request does not seek specific identifying patient information and any such information should be redacted from the documents. | - Seeks documents containing private medical information that is protected from disclosure or would require a laborious, expensive, and time intensive procedure to review and redact;<br>- Calls for an unreasonable and excessive number of patient records and information and would require numerous painstaking redactions on every page of the relevant documents and records, exposing this laborious process to a high potential for human error. |
| **RFP 18:** Documents sufficient to represent any reports You receive from Defendants that is related to the Accused Services. This request does not seek specific identifying patient information and any such information should be redacted from the documents. | - Seeks material that should be available to or in the possession of Wave or Defendants;<br>- Seeks documents containing private medical information that is protected from disclosure or would require a laborious, |

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1
NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

| Subpoena Request | Karma's Objections[1] |
|---|---|
| | expensive, and time intensive procedure to review and redact. |
| RFP 19: Documents sufficient to identify the conditions, impairments, or disorders of which the patients to whom you administer TMS therapy complained or had been diagnosed as of the time You began their TMS therapy. This request seeks statistical data and information in a summary form (for example, diagnostic codes) and does not seek specific identifying patient information and any such information should be redacted from the documents. | - Seeks documents containing private medical information that is protected from disclosure or would require a laborious, expensive, and time intensive procedure to review and redact. |
| RFP 20: Any treatment or research memoranda, reports, summaries, Communications, or other Documents sufficient to identify the outcomes or success of the TMS therapy You administered. This request seeks statistical data and information in a summary form, if possible, and does not seek specific identifying patient information and any such information should be redacted from the documents. | - Seeks documents containing private medical information that is protected from disclosure or would require a laborious, expensive, and time intensive procedure to review and redact. |

### C.   Karma's Objections Lack Merit and Do Not Justify Its Failure to Produce Responsive Documents

A non-party served with a subpoena pursuant to Rule 45 must serve its objections "before the earlier of the time specified for compliance or within 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "A non-party's failure to timely make objections to a Rule 45 subpoena ... generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (internal citations omitted).)

As stated above, Karma has asserted six separate objections to the document requests. In addition, Karma has improperly posited Court orders from the Southern District of California limited Wave's document requests, and that as the result of a pending motion for summary judgement, the Subpoena should be stayed. Mallgrave Dec. at ¶¶ 13, 15, Exs. F, H. These are the only objections Karma has preserved. As

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1

14

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

discussed in detail below, Karma's objections lack merit and do not stand as legal bases to prevent Wave from the relevant documents to which it is entitled.

      1.   <u>The Information Sought is Not Available from the Parties in the Underlying Action</u>

Karma objects to Request for Production Nos. 1, 3, 5-7, 9, 12-15, and 18 on the basis the materials sought *should* be available to or in the possession of either Wave or Defendants. *Id.* at ¶¶ 13 and 15, Exs. F and H. The presumption is false. Through the course of discovery, Wave has propounded three sets of Requests for Production to Defendants, and moved to compel further responses by Defendants to its first and second set of Requests for Production, respectively. *Id.* at ¶ 9. Defendants, through their Responses to Requests for Production, the Responses to the Motions to Compel, and at the hearings on those motions, have represented to Wave and the Magistrate Judge hearing the matter that they do not have the documents sought from Karma by the Subpoena. *Id.* at ¶ 6. To wit, Wave has informed Defendants that if they can produce the documents sought by the Subpoena, Wave would then withdraw those requests. Defendants have not done so. *Id.* at ¶ 8. Wave also has taken the deposition of PeakLogic's corporate representative and inquired further into its possession of the documents sought by the Subpoena. The testimony only confirmed that Wave can only obtain the documents it seeks from PeakLogic's licensed clinics. *Id.* at ¶ 16.

Further, that documents sought by subpoena are *believed* to be available through a party does not relieve Karma of its obligation to produce documents in response to the Subpoena. Assuming arguendo Defendants *had* produced responsive documents, Wave would still be entitled to issue a subpoena to a third party to verify those documents or determine if other responsive, relevant documents exist that are no longer in Defendants' possession, custody, or control. As an example, Defendants have represented they do not have copies of the different instructional or training materials, or different versions of the materials, they sent to their licensees.

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1

15

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

While these materials may be something Defendants *should* have, they do not. Wave must now obtain that information Defendants provided to Karma, from Karma.

2. <u>The Time Period Covered by the Requests is Not Overly Broad</u>

Karma objects to Request for Production Nos. 1-7 and 10-12 on the basis the requests for documents going back to 2019 or 2018, respectively, are overly broad. *Id.* at ¶ 13, Ex. F. Wave's request for documents from 2019 or 2018 is not arbitrary— it is the relevant time period for the litigation. 35 U.S.C. § 286. While the requests cover a five or six-year time period, the scope of the requests are very narrowly tailored and specific as to the type of information sought. For example, rather than seek all communications with any of the parties for the six-year period, Request Nos. 1 and 3 seek only documents relating to specific statements, the specific patents at issue, or the litigation. As another example, Request No. 10 seeks just the documents sufficient to show the number of TMS devices located on Karma's premises each year.

However, it is not Wave's intent to burden Karma with a tremendous cost or expense in either time or money to produce the documents sought by the Subpoena. In consideration of this concern, Wave invited Karma to discuss the parameters for narrowing any particular request that was overly burdensome, so as to minimize the burden. Karma chose instead to rely on its objection.

3. <u>The Documents Requested Are Relevant to the Underlying Litigation</u>

Karma objects to Request Nos. 2, 4, and 8 as containing "internal business, logistics, or similar information and thus have no bearing whatsoever on the underlying patent infringement action." *Id.* at ¶ 13, Ex. F. As identified in the chart above, these requests seek documents relating to communications with Defendants relating to Wave, this action, or the Asserted Patents (Requests Nos. 2 and 4) and any discounts Karma may have received from Defendants (Request No. 8). As stated herein, the underlying litigation is not strictly a patent infringement case,

but Defendants filed Tort Claims against Plaintiffs. The requested documents directly relate to those Tort Claims and the allegations that Wave made defamatory remarks to Defendants' licensees or that the alleged remarks forced Defendants to discount license fees or lose licensees. Defendants have also informed Plaintiff that they do not have any documentary evidence relating to the alleged defamatory remarks (nor does Wave). *Id.* at ¶ 7. To the extent Karma has any documents relating to Defendants' allegations, the documents are clearly relevant and Wave is entitled to the information. If responsive documents contain proprietary and confidential business information, Karma can designate the information as confidential pursuant the operative protective order in the underlying case.

> 4.    The Requested Documents May Not Wholly Exist in the Public Domain

Karma objects to Request for Production No. 16 (related to marketing materials), on the basis that responsive documents are in the public domain. *Id.* at ¶ 13, Ex. F. Aside from Karma's website, Plaintiff is not aware of any advertising or marketing materials used by the subpoenaed parties to which Plaintiff has access, for example, to pamphlets, fliers, or other materials generated and shared with patients or potential patients. *Id.* at ¶ 14, Ex. G. Wave requested information related to any repository where the requested documents may exist, but Karma either could not or did not provide Wave with such information. *Id.* That its advertising materials might have once existed, or may still exist, in the public domain, is not conclusory on the issue of whether Wave has equal access. It does not, and Karma has not given any reason why responding to this request would be burdensome.

> 5.    The Document Requests Do Not Seek Private Medical Information

Karma objects to Request for Production No. 10, 11, 14, and 17-20 (seeking documents relating to the licensee's implementation of TMS therapy) on the basis the documents contain private medical information that is protected from disclosure

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1

17

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

or would require an expensive, and time-intensive review and redaction procedure. *Id.* at ¶ 13, Ex. F. First, the records sought are highly relevant. The patents at issue relate to methods and devices for administering transcranial magnetic stimulation (TMS) therapy. As stated in its Second Amended Complaint, Wave alleges that Defendants not only infringe the Asserted Patents, but induce its licensees, including Karma, to infringe the Asserted Patents as well. Thus, documents in Karma's possession relating to its relationship with Defendants and their use of Defendants' method for TMS are directly relevant to the underlying action.

Second, Wave does not seek any confidential or identifying patient information that is subject to HIPAA or other privacy laws. Indeed, some of the requests to which Karma objects, Requests Nos. 10, 11, 14, and 19-20, seek records that are not likely to contain patient identifying information and seek only information in summary or statistical form. Should any patient information exist in the documents to be produced, the operative protective order is also compliant with HIPAA confidentiality requirements. *See* 45 C.F.R. 164.512(e); RFJN, Ex. 3 at ¶¶ 10, 31.

Lastly, while Wave initially sought records related to 50 patients, through the parties meet and confer efforts, and as a result of information more recently learned by Wave through discovery with Defendants, Wave agreed to further limit, as to Request No. 17, the number of treatment plans and related documents to just 5 patients who completed a full treatment plan of at least 5 treatments, and their corresponding pre- and post-treatment EEGs. *Id.* at ¶ 7.

Any burden to Karma to produce documents for just 5 patients is significantly outweighed by Wave's need for records evidencing Defendants' licensee's use and implementation of treatment plans. The licensee's implementation goes directly to the issue of induced infringement, and the records are not obtainable through any other known source. Wave has subpoenaed several licensees for these records not only to obtain a representative sampling, but because they are needed to support its

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1                                                    18
NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

1  case.

2        6.    <u>The Southern District of California Did Not Limit Wave's</u>

3                 <u>Document Requests</u>

4        Karma's claim that the Subpoena is an attempt to side-step a court order is

5  patently false. The Court in the underlying action has not directed Wave, as Karma

6  claims, to limit or reduce its discovery requests on multiple occasions as excessive,

7  nor has Wave been ordered not to seek the documents sought by the subpoenas.

8  To the contrary, Wave has repeatedly sought the court's assistance to obtain

9  Defendants' compliance with numerous discovery orders and their discovery

10  obligations. *Id.* at ¶¶ 6 and 9.

11        The record actually reflects that the Court ordered Defendants to produce 100

12  treatment protocols and related EEG files. When Wave sought successive and

13  complete treatment plans, with the related EEGs, for the *same* patient (as opposed to

14  100 random treatment plans), the court ordered Defendants to produce the treatment

15  protocols and EEG files relating to 25 patients, and then subsequently ordered the

16  production of 10 more, for a total of 35 different patient files. *Id.* at ¶ 9. At no time

17  did the court make a finding that Wave was not entitled to additional treatment

18  protocols that could be obtained from the subpoenaed parties (though Defendants did

19  notify the court of Plaintiff's subpoenas and attempts to get the documents from

20  Defendants' licensees). *Id.*

21        7.    <u>The Pending Motion for Summary Judgment is Not a Proper</u>

22                 <u>Basis to Withhold A Production of Documents</u>

23        Karma's counsel's letter, dated May 17, 2024 posited non-party discovery

24  should not proceed until the underlying Court ruled on Defendants' pending

25  summary judgment motion. *Id.* at ¶ 15, Ex. H. Karma's reliance on *Camacho v.*

26  *United States,* 2014 WL 12026059, at 3 (SD Cal. Aug. 15, 2014) for this proposition

27  is misplaced. For starters, the underlying Court has not issued a stay of discovery

28  while the summary judgment motion is pending, and no one (party or non-party,

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1

19

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

including Karma) has sought a stay of discovery.

*Camacho* does not support a non-party's right to unilaterally withhold documents while a summary judgment motion is pending. Rather, the court in *Camacho* determined whether a stay of discovery was proper with such a motion pending, applying a two-part test. *Camacho*, 2014 WL 12026059, at *6. Step one requires that the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed, and step two requires a finding, by the court, that a clear possibility exists of granting the motion. *Id.*

First, applying the two-part test here, Defendants' pending summary judgment motion is not potentially dispositive of the entire case, or on the issues to which discovery is aimed. Wave filed its operative complaint alleging, in part, infringement of three patents. (Mallgrave Dec., Ex. A.) Defendants filed Counterclaims related to the allegations of patent infringement (e.g. declaratory judgment of noninfringement, ineligibility and invalidity, and as to each patent, and immunity). *Id.* at Ex. B. Defendants also filed counterclaims for defamation, tortious interference with contract, tortious interference with prospective economic advantage, and negligent interference with prospective economic advantage (the Tort Claims). *Id.* ¶¶ 76 – 101. Defendants' Tort Claims are premised on allegations that agents of Wave, while speaking to then existing or potential licensees of PeakLogic, told such licensees that PeakLogic stole Wave's technology or infringed its patents. *Id.* at ¶¶ 23-27. The discovery is thus relevant both to Wave's claims of patent infringement and its defenses to Defendants' claims for declaratory relief and the Tort Claims. Defendants' pending motion, even if granted, does not address the Tort Claims and is not dispositive of the issues to which the discovery to the Karma is aimed. Therefore, the first step of *Camacho* is not met, and Karma's reliance on same fails.

Second, the second step of the test requires a finding, *by the Court*, that a clear possibility exists of granting the motion. As indicated by the volume of evidence submitted with Wave's opposition to the motion (*see* RJN Ex. 5), numerous material

BUCHALTER
A Professional Corporation
Irvine

BN 83597602v1

20

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

issues of disputed facts exist, such that a clear possibility of having the motion granted does not exist. Karma simply does not have any justification for unilaterally withholding documents based on Defendants' pending summary judgment motion.

Further to this point, during a hearing on one of Wave's motions to compel Defendants' production of documents, the Magistrate Judge addressed the very notion of withholding a production of documents on the basis of a pending summary judgment motion. The court there stated:

> Defense withheld documents based upon waiting for an MSJ ruling, and that is of particular concern to the Court because the documents were relevant, or at least the relevance was not contested on that basis. And, therefore, the documents would otherwise have been produced.

> Defense's position appeared to have been, throughout the case, that there were certain documents that may be relevant to the case, but they were being withheld because of the concern over costs and the burdensome nature of discovery should a dispositive motion be granted that would thereby allow the defense to be dismissed.

> While I understand, of course, the position, concerns about the burdensome nature of discovery can be addressed in a number of ways, some of which, it appears, were explored here.

> But there could have been, for example, a motion to stay discovery pending resolution of the MSJ. And such stays are often denied, I note, and that can delay or prolong discovery and create unnecessary litigation expenses and case management problems. However, that is an option.

> I am deeply concerned by defendants' choice to withhold documents pending this ruling unilaterally. A party may not unilaterally decide to withhold information simply because they believe they may be later dismissed from the case.

(Mallgrave Dec. at ¶ 17.)

Karma never moved this, or any other court, for an order to quash, modify, or stay its obligation to produce documents in response to the Subpoena. Its unilateral decision to withhold the production of documents on this basis is unsupported by law and should not be permitted. Further, given the deadline to complete discovery in this case is on August 9, 2024, the parties can no longer wait for a ruling on the pending

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1
21

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA

1  summary judgment motions to obtain necessary discovery. Karma should be ordered

2  to comply with its discovery obligations and produce the documents responsive to

3  the subpoena.

4  **III.   <u>CONCLUSION</u>**

5          In view of Karma's failure to comply with Wave's subpoena, and given the

6  evidence sought is highly relevant to narrow and clarify the issues and to ascertain

7  the facts, or information as to the existence or whereabouts of facts, relative to those

8  issues presented in the underlying lawsuit, Wave respectfully requests that the Court

9  compel Karma to produce all responsive documents by August 9, 2024.

10  DATED:  July 12, 2024                    BUCHALTER
                                             A Professional Corporation

11

12                                 By:    */s/ Deborah S. Mallgrave*
                                          J. Rick Taché
13                                        Deborah S. Mallgrave
                                          Attorneys for Plaintiff
14                                        Wave Neuroscience, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BUCHALTER**
A PROFESSIONAL CORPORATION
IRVINE

BN 83597602v1

22

NOTICE AND MOTION TO
COMPEL COMPLIANCE WITH
OUT OF DISTRICT THIRD PARTY
SUBPOENA